# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| BRENNEN HURT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-1285 JSD |
| | ) | |
| EXETER FINANCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Brennen Hurt for leave to proceed in forma pauperis in this civil action. For the reasons explained below, the motion will be denied, and this case will be dismissed.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if, *inter alia*, it is malicious, or it fails to state a claim upon which relief can be granted. An action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits or contains disrespectful or abusive language, *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (*per curiam*), or it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). When determining whether an action is malicious, the Court need not look only to the complaint before it but may also look to plaintiff's prior litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can

be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

Pro se complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

### The Complaint

Plaintiff Brennen Hurt, filed this action on October 11, 2023, by filing a form "Civil Complaint" naming Exeter Finance LLC, as the sole defendant in this action. Plaintiff claims that the jurisdictional basis for the present action is "breach of contract, breach of fiduciary duties,

security fraud, and unjust enrichment." Plaintiff alleges that the amount in controversy if $78,000 for "breach of contract, failure to respond, deprivation, defamation of character, payments returned to owner, profits made of vehicle being sold, and security fraud."

Plaintiff claims that on March 8, 2021, he signed a "security," or installment loan agreement with Exeter as an "investor" in a consumer credit transaction. A review of the complaint and accompanying documents shows that plaintiff entered a contract to buy a 2016 Honda Odyssey on that date and approximately 71,497 miles. It appears plaintiff put down $1,800 dollars for the vehicle while financing approximately $15,635.64 at a finance rate of 20.24 percent, making the total sale price of the vehicle $38,330.64. Plaintiff agreed to pay $507.37 per month for 72 months.

Plaintiff asserts that he sent defendant "multiple notices" to "apply the principals" balance to the "principals account for set off."[1] Plaintiff claims that defendant ignored the notices and instead seized the vehicle after he stopped paying cash for the vehicle, which was purportedly worth $11,153.49 at the time. Plaintiff calls this a "bill of exchange." Plaintiff accuses defendant of breaching its fiduciary duty because he believes he owned the vehicle, and he blames defendant for making him use "federal reserve notes."

Plaintiff contends that defendant has committed security fraud by reporting plaintiff's poor credit/failure to pay for the payments on the vehicle to a crediting reporting agency. He believes that defendant will be unjustly enriched if he is made to pay defendant in "federal reserve notes," with the seized vehicle/security and tender of payment. Plaintiff also complains that defendant has failed to honor his "coupon's value," and has seized his private property in violation of the Fourth and Fifth Amendments. Not only does plaintiff seek an order from this Court regarding damages, but he also seeks "full discharge of his debts according to the U.C.C."

---

[1] The Court is unsure of what this is in reference to.

Attached to plaintiff's complaint are grievances plaintiff made to the Missouri Consumer Protection Agency, as well as the Missouri Attorney General's Office relating to this transaction with Exeter Finance, LLC. Also attached are copies of the bill of sale with Exeter Finance, LLC and the response to the Missouri Attorney General from Exeter Finance, LLC.

**Plaintiff's Prior Lawsuits**

Plaintiff filed this Missouri state law breach of contract action on October 11, 2023, against defendant Exeter Finance, LLC. This is the second action he has filed against Exeter Finance, LLC (Exeter) in this Court. Plaintiff filed his first Missouri state law breach of contract action against Exeter on June 29, 2023. *See Hurt v. Exeter Finance, LLC*, No. 4:23-CV-836 HEA (E.D.Mo.), hereinafter referred to as "*Exeter I.*"

In *Exeter I*, plaintiff alleged that defendant and its Chief Financial Officer, James Kulas, had unlawfully repossessed his vehicle even though he had "tendered" a "negotiable instrument" to them to "set off" his account. The Court, on July 13, 2023, ordered plaintiff to show cause why his action should not be dismissed due to lack of subject matter jurisdiction. Plaintiff based his jurisdictional arguments on the Uniform Commercial Code (UCC) and several other conclusory assertions. The Court found his arguments unavailing and dismissed the action for lack of jurisdiction on August 25, 2023. *Id.*

Undeterred, plaintiff filed a second lawsuit in this Court on Jul 17, 2023. However, this time, he alleged a Missouri breach of contract action against defendant GMC Auto Sales. *See Hurt v. GMC Auto Sales*, No. 4:23-CV-909 RLW (E.D.Mo.). On August 28, 2023, the Court ordered plaintiff not only to amend his pleading on a court-provided form, but also to provide the jurisdictional basis for filing his lawsuit in federal court. *Id*. Because it was not apparent if plaintiff's allegations regarding the breach of contract relating to GMC Auto Sales were in some

4

way related to his claims against Exeter Finance, LLC, the Court also ordered plaintiff to identify the contract of which he was complaining of, the date when the contract occurred, if he received a vehicle relative to the contract, the person with whom he purportedly signed the contract, the factual allegations relative to the breach, whether he provided money and/or a trade in for the purported vehicle and the purported damages. Plaintiff was also specifically instructed to indicate the jurisdictional basis under which he was suing – whether it was diversity or federal question jurisdiction. He was informed that if he wished to bring an action under the Truth in Lending Act, he would need to name the specific provisions of TILA under which he was suing.

Plaintiff responded to the Court Order by filing an amended pleading on September 15, 2023. *Id.* He claimed that he had filled out an application for credit on or about March 14, 2023, at GMC Auto Sales and that this application turned into a contract and promissory note when he turned in the filled-out credit application to defendant. Apparently, he wished to purchase a 2020 Dodge Durango with this alleged "promissory note."

Because plaintiff failed to articulate federal question jurisdiction within the basis of his complaint, the Court dismissed his action for failure to allege a jurisdictional basis for suing in federal court. *Id.*

## Discussion

Having reviewed and liberally construed the complaint and its attachments, and having considered plaintiff's pattern of litigation in this Court and against Exeter Finance, LLC through the Missouri Consumer Protection Division and the Missouri Attorney General's Office, the Court is convinced that the complaint against Exeter Finance, LLC is malicious, and subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); *see also Horsey v.* Asher, 741 F.2d 209, 212 (8th Cir. 1984) (an allegation the plaintiff knows to be false is malicious, and a complaint containing only

5

fabricated allegations is properly deemed malicious). Additionally, plaintiff has been repeatedly told that this Court lacks jurisdiction over his breach of contract claims, he is well-aware that his claims of non-payment of his contract are specious, and yet he has continued to harass defendant Exeter by writing consumer complaints and filing lawsuits regarding their legal behavior concerning removal of the contracted for vehicle because of his failure to pay under the contract.

When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct. *See Cochran v. E.C. Morris*, 73 F.3d 1310 at 1316 (4th Cir. 1996) (plaintiff's past litigious conduct should inform the district court's determination of whether an action is malicious); *see also Carter v. Schafer*, 273 F. App'x 581 (8th Cir. 2008) (finding that a plaintiff's history of abusive litigation supported a determination of maliciousness).

Furthermore, the fact that plaintiff is advancing arguments like those raised by sovereign citizens and others who claim they are not subject to government laws or proceedings also leads this Court to believe his lawsuit should be found to be malicious. Such legal theories as those espoused by plaintiff in his complaint against Exeter are meritless. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a complaint lacks an arguable basis in law if it is based upon an indisputably meritless legal theory). The United States does not recognize the Moorish Nation or any other Indigenous Nation as a sovereign state, *see Benton-El v. Odom*, 2007 WL 1812615, at *6 (M.D. Ga. June 19, 2007), *Khattab El v. United States Justice Dept.*, 1988 WL 5117, at *2 (E.D. Pa. Jan. 22, 1988), and plaintiff cannot unilaterally bestow sovereign immunity upon himself. *See United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984). Even those who voluntarily relinquish their citizenship are subject to, and must obey, federal, state, and local laws. *See Khattab*, 1988 WL 5117. *See also United States v. Hart*, 701 F.2d 749, 750 (8th Cir.

6

1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous); *Fullilove v. Glass*, No. 4:16-CV-2143-PLC, 2017 WL 1549776, at *2 (E.D. Mo. Apr. 28, 2017) (argument that petitioner is a "flesh and blood man" serves no basis for habeas relief); *Carter v. Wands*, 431 F. App'x 628, 629 (10th Cir. 2011). Because plaintiff's arguments for relief have no basis in law or fact and the Court cannot countenance his continued harassment of defendant, the complaint will be dismissed as malicious.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] **is DENIED AS MALICIOUS.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** because it is malicious and/or because it fails to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2) (B)(i)-(ii).  A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of November, 2023.

_____
    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE