**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| BRENNEN HURT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1285 JSD |
| ) | |
| EXETER FINANCE, LLC, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This closed civil matter is before the Court upon a document filed by self-represented plaintiff Brennen Hurt titled, "Motion for Reconsideration." [ECF No. 7]. Because plaintiff appears to include two pages of a proposed amended complaint, the Court construes this document as a motion for reconsideration and a motion to amend. For the following reasons, plaintiff's requests will be denied.

**Background**

Plaintiff initiated this action on October 11, 2023, by filing a form "Civil Complaint" naming Exeter Finance LLC, as the sole defendant in this action. [ECF No. 1]. In addition to his complaint, plaintiff filed a motion to proceed in forma pauperis in this matter. [ECF No. 2].

In his "Civil Complaint," plaintiff claimed that the jurisdictional basis for the present action was "breach of contract, breach of fiduciary duties, security fraud, and unjust enrichment." He purported that the amount in controversy was $78,000 for "breach of contract, failure to respond, deprivation, defamation of character, payments returned to owner, profits made of vehicle being sold, and security fraud."

Hurt alleged in his "Civil Complaint" that on March 8, 2021, he signed a "security," or

installment loan agreement with Exeter as an "investor" in a consumer credit transaction. A review of the complaint and accompanying documents showed that plaintiff entered a contract to buy a 2016 Honda Odyssey on that date with approximately 71,497 miles. It appears plaintiff put down $1,800 dollars for the vehicle while financing approximately $15,635.64 at a finance rate of 20.24 percent, making the total sale price of the vehicle $38,330.64. Plaintiff agreed to pay $507.37 per month for 72 months.

Hurt asserted in his complaint that he sent defendant Exeter Finance, LLC, "multiple notices" to "apply the principals" balance to the "principals account for set off." He claimed that defendant ignored the notices and instead seized the vehicle after he stopped paying cash for the vehicle, which was purportedly worth $11,153.49 at the time. Plaintiff called this a "bill of exchange." Plaintiff accused defendant of breaching its fiduciary duty because he believed he owned the vehicle, and he blamed defendant for making him use "federal reserve notes."

In his complaint, plaintiff accused defendant of committing security fraud by reporting plaintiff's poor credit/failure to pay for the payments on the vehicle to a crediting reporting agency. He believed that defendant would be unjustly enriched if he is made to pay defendant in "federal reserve notes," with the seized vehicle/security and tender of payment. He also complained that defendant had failed to honor his "coupon's value," and had seized his private property in violation of the Fourth and Fifth Amendments. Not only did plaintiff seek an order from this Court regarding damages, but he also sought "full discharge of his debts according to the U.C.C."

Attached to plaintiff's complaint were grievances plaintiff made to the Missouri Consumer Protection Agency, as well as the Missouri Attorney General's Office relating to his transaction with Exeter Finance, LLC. Also attached were copies of the bill of sale with Exeter Finance, LLC

and the response to the Missouri Attorney General from Exeter Finance, LLC.[1]

Prior to reviewing plaintiff's complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim, the Court took note of plaintiff's prior lawsuits in this Court.

**Plaintiff's Prior Lawsuits**

The Court noted in its November 1, 2023 Opinion, Memorandum and Order reviewing plaintiff's complaint that this was the second action plaintiff had filed against Exeter Finance, LLC (Exeter) in this Court. *See* ECF No. 5. Plaintiff filed his first Missouri state law breach of contract action against Exeter on June 29, 2023. *See Hurt v. Exeter Finance, LLC*, No. 4:23-CV-836 HEA (E.D.Mo.), hereinafter referred to as "*Exeter I.*"

In *Exeter I*, plaintiff alleged that defendant and its Chief Financial Officer, James Kulas, had unlawfully repossessed his vehicle even though he had "tendered" a "negotiable instrument" to them to "set off" his account. The Court, on July 13, 2023, ordered plaintiff to show cause why his action should not be dismissed due to lack of subject matter jurisdiction. Plaintiff based his jurisdictional arguments on the Uniform Commercial Code (UCC) and several other conclusory assertions. The Court found his arguments unavailing and dismissed the action for lack of jurisdiction on August 25, 2023. *Id.*

Undeterred, plaintiff filed a second lawsuit in this Court on Jul 17, 2023. However, this time, he alleged a Missouri breach of contract action against defendant GMC Auto Sales. *See Hurt v. GMC Auto Sales*, No. 4:23-CV-909 RLW (E.D.Mo.). On August 28, 2023, the Court ordered plaintiff not only to amend his pleading on a court-provided form, but also to provide the jurisdictional basis for filing his lawsuit in federal court. *Id*. Because it was not apparent if

---

[1]The Court considered these attachments pursuant to Federal Rule of Civil Procedure 10(c).

plaintiff's breach of contract action against GMC Auto Sales was related to his lawsuit against Exeter Finance, LLC, the Court also ordered plaintiff to identify the contract of which he was complaining of, the date when the contract occurred, if he received a vehicle relative to the contract, the person with whom he purportedly signed the contract, the factual allegations relative to the breach, whether he provided money and/or a trade in for the purported vehicle and the purported damages. Plaintiff was also specifically instructed to indicate the jurisdictional basis under which he was suing – whether it was diversity or federal question jurisdiction. He was informed that if he wished to bring an action under the Truth in Lending Act, he would need to name the specific provisions of TILA under which he was suing.

Plaintiff responded to the Court Order by filing an amended pleading on September 15, 2023. *Id.* He claimed that he had filled out an application for credit on or about March 14, 2023, at GMC Auto Sales and that this application turned into a contract and promissory note when he turned in the filled-out credit application to defendant. Apparently, he wished to purchase a 2020 Dodge Durango with this alleged "promissory note." Because plaintiff failed to articulate federal question jurisdiction within the basis of his complaint, the Court dismissed his action for failure to allege a jurisdictional basis for suing in federal court. *Id.*

### November 1, 2023 Order of Dismissal in This Case

On November 1, 2023, the Court reviewed plaintiff's history of filings in this Court and found that plaintiff had a pattern of litigation in this Court and against defendant Exeter Finance, LLC that was malicious, and as such, his complaint should be dismissed.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(i); *see also Horsey v.* Asher, 741 F.2d 209, 212 (8th Cir. 1984) (an allegation the

---

[2]Plaintiff was not only filing multiple suits against Exeter in this Court, but he was harassing Exeter by filing letters and complaints against Exeter through the Missouri Consumer Protection Division and the Missouri Attorney General's Office, making specious arguments that Exeter had wrongfully repossessed his car.

plaintiff knows to be false is malicious, and a complaint containing only fabricated allegations is properly deemed malicious). Furthermore, the Court reminded plaintiff that he had been repeatedly told that this Court lacks jurisdiction over state law breach of contract claims, and he had been made aware that his claims of attempting to give non-legal tender for a vehicle were specious, yet he continued to make claims that he was owed either a vehicle or monetary value. Additionally, he was continuing to harass defendant Exeter by writing consumer complaints and filing lawsuits regarding their legal behavior concerning removal of the contracted for vehicle because of his failure to pay under the contract.[3]

Last, the Court found that plaintiff was advancing frivolous arguments such as those advanced by sovereign citizens and others who claim that they are not subject to government laws or proceedings. Such arguments lead the Court to surmise that his claims against Exeter were meritless. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a complaint lacks an arguable basis in law if it is based upon an indisputably meritless legal theory).[4] Because plaintiff's

---

[3] When determining whether an action is malicious, the Court need not look only to the complaint before it but may also look to plaintiff's prior litigious conduct. *See Cochran v. E.C. Morris*, 73 F.3d 1310 at 1316 (4th Cir. 1996) (plaintiff's past litigious conduct should inform the district court's determination of whether an action is malicious); *see also Carter v. Schafer,* 273 F. App'x 581 (8th Cir. 2008) (finding that a plaintiff's history of abusive litigation supported a determination of maliciousness).

[4] Plaintiff was attempting to assert that he was entitled to relief under the "UCC," and he was asserting claims that he had tendered a "negotiable instrument" for payment of the vehicle rather than "federal reserve notes. Additionally, he claimed that he signed a "security" rather than an installment loan agreement, and that defendant failed to honor his "coupons" or "notices" for payment/ "bill of exhange" as a "setoff." These are classic arguments used by sovereign citizens or those who believe that state and federal laws do not apply to them. The United States does not recognize the Moorish Nation or any other Indigenous Nation as a sovereign state, *see Benton-El v. Odom*, 2007 WL 1812615, at *6 (M.D. Ga. June 19, 2007), *Khattab El v. United States Justice Dept.*, 1988 WL 5117, at *2 (E.D. Pa. Jan. 22, 1988), and plaintiff cannot unilaterally bestow sovereign immunity upon himself. *See United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984). Even those who voluntarily relinquish their citizenship are subject to, and must obey, federal, state, and local laws. *See Khattab*, 1988 WL 5117. *See also United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous); *Fullilove v. Glass*, No. 4:16-CV-2143-PLC, 2017 WL 1549776,

arguments for relief were found to have no basis in federal law, and because plaintiff's lawsuits and pattern of behavior was found to be harassment, the Court dismissed this action as frivolous, malicious and for failure to state a claim on November 1, 2023. [ECF Nos. 5 and 6].

**Plaintiff's Motion for Reconsideration and to Amend**

Plaintiff filed his "Motion for Reconsideration" on November 15, 2023. [ECF No. 7]. As set forth above, plaintiff's motion includes both arguments for reconsideration of the dismissal of this action, as well as two pages of what appears to be an amended complaint.

In his arguments for reconsideration plaintiff asserts that the Court should reopen the present matter and allow him to file an amended pleading because in his prior cases he lacked knowledge of the Federal Rules of Civil Procedure. He claims that he did not understand that he could have filed an appeal in his older cases instead of filing multiple cases in this Court. Additionally, he asserts that his claims against GMC Auto Sales did not involve the same vehicle as the two cases against Exeter, and he asserts that he is not a sovereign citizen or Moorish National.

Hurt asserts that if he was allowed to amend, he would assert claims against Exeter under the Truth in Lending Act relating to the "non-transferability of void security interest under law." Plaintiff also argues that he sent "numerous securities and negotiable instruments to set off debt" to Exeter. He "deposited a security with defendant, and defendant committed security fraud, not returning any securities or claiming that plaintiff is not secured or sent securities at all." Plaintiff further asserts that Exeter purportedly failed to provide "required TILA disclosures to plaintiff after assignment of the sales contract" which resulted in plaintiff's lack of awareness of critical

---

at *2 (E.D. Mo. Apr. 28, 2017) (argument that petitioner is a "flesh and blood man" serves no basis for habeas relief); *Carter v. Wands*, 431 F. App'x 628, 629 (10th Cir. 2011).

credit terms.[5]

In plaintiff's proposed amended complaint, he claims that he "sold a promissory note to Bommarito Honda for the vehicle in which it was assigned to the defendant." He asserts that he also sent "negotiable instruments which is cash equivalent or a bill of exchange for full payment of the alleged debt."

Plaintiff seeks monetary damages and injunctive relief in his proposed amended complaint.

**Discussion**

This closed case is before the Court upon plaintiff Brennen Hurt's request for reconsideration and to amend. As discussed below, the Court finds that plaintiff's request for reconsideration and to reopen this matter should be denied. Additionally, it would be futile to reopen this case because plaintiff's proposed amended complaint would be subject to dismissal under 28 U.S.C. § 1915.

Rule 59(e) allows a court to correct its own mistakes in the time immediately following judgment. Rule 59(e) motions "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1998)). Rule 60(b) allows the court to relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). It "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (internal citation omitted).

---

[5]Plaintiff cites to *First National Bank of Amarillo v. Lajoie*, 537 P.2d 1207 (Okla. 1975) in support of his arguments. This case deals with the Oklahoma Consumer Protection Act, which is not at issue in this action.

7

The Court has reviewed the instant filing, and finds no basis for altering or amending its prior decision. Plaintiff does not point to any manifest errors of law or fact or any newly discovered evidence, nor does he demonstrate any exceptional circumstances warranting relief.  Rather, the sole basis of his argument appears to be that he is unlearned in the law and although he has submitted similar claims as those of sovereign citizens he does not belong to their group.

"[P]ro se representation does not excuse a party from complying with the Court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). *See also Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bunch v. Univ. of Ark. Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017) (party's "status as a pro se litigant [does] not excuse [him] from following the local rules."). Plaintiff was given several chances to comply with the Federal Rules and plead his case. As noted above, the Court allowed him to plead jurisdiction several times, twice in *Exeter I*, and twice in *GMC Auto Sales*, which also alleged a breach of a consumer contract relating to an auto sale. Additionally, the Court provided him with several indications that his theory of the case was incorrect, and that this Court had no jurisdiction over such a case, yet he kept pursuing the same theories.

Furthermore, plaintiff has consistently insisted that he has paid defendant Exeter with tender other than cash or "federal reserve notes." In fact, he attached to his complaint in the present action the "coupons" he attempted to give Exeter as tender, which are nothing more than handwritten "coupons" and fake "securities" in which plaintiff insists that he paid for the vehicle in question. *See* ECF No. 1, pp. 15-17. One cannot pay a debt by writing "pay to the bearer" and "accepted" on a piece of paper, nor turn such into an agreement or a "security instrument." This

8

type of argument smacks of a sovereign citizen argument, as noted in the Court's November 1, 2023 Opinion, Memorandum and Order and Order of Dismissal.

Nevertheless, plaintiff insists he be given an opportunity to amend his complaint, or replead allegations against Exeter a third time in this Court. This time, plaintiff insists Exeter breached TILA, after the fact, when entering into an installment loan contract with him. Once again, however, he has failed to articulate the specific provision of TILA he believes was violated.[6] Plaintiff attached the installment loan agreement to his complaint. *See* Ex.1, pp. 22-23. He has not indicated in his proposed amended complaint or any of his prior pleadings in this Court that any of the terms of the installment contract were changed after the fact by Exeter.

Because plaintiff has not indicated how he would fix his claims against Exeter, plaintiff's "right to amend as a matter of course ended with the entry of the judgment of dismissal." *Fearon v. Henderson*, 756 F.2d 267, 268 (2nd Cir. 1985), *overruled on other grounds by Campos v. LeFevre*, 825 F.2d 671 (2nd Cir. 1987); *cf. United Steelworkers of America, AFL-CIO v. Mesker Bros. Industries, Inc.*, 457 F.2d 91, 93 (8th Cir. 1972). Plaintiff had several opportunities to file a complaint in compliance with the Court's instructions, and he failed to do so. Plaintiff may not file motions or other documents in this case to advance or support previously filed claims for relief.

Accordingly,

---

[6]This Court specifically informed plaintiff in the August 28, 2023 Memorandum and Order, in GMC Auto Sales, to allege a violation under TILA, plaintiff needed to identify the specific section of TILA that defendant had violated. *See, e.g., Kosobucki v. Bank of America, N.A.,* No. 15-60458-Civ-Scola, 2015 WL 11198244 at *2 (S.D. Fla. July 30, 2015) (finding the defendant was not afforded fair notice and explaining that the "TILA and RESPA are highly specific statutes and the [plaintiffs'] claims do not clearly indicate what TILA violation occurred and what RESPA violation occurred."); *Yancey v. First Bank*, No. 6:16-CV-00028, 2016 WL 4126661, at *4 (W.D. Va. Aug. 2, 2016) (dismissing TILA and Regulation Z claim when complaint failed to reference the specific section of the TILA being violated); *Robinson v. Capital One Auto Finance,* No. 1:20-cv-23105-UU, 2020 WL 8186266, at *2 (S.D. Fl. Dec. 11, 2020) (dismissing amended complaint because plaintiff failed to allege a specific provision of TILA allegedly violated by defendant).

9

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration or to amend [ECF No. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 21st day of November, 2023.

                                                  HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE